WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L Gagan,<br><br>                Plaintiff,<br><br>v.<br><br>The Estate of Victor E Sharar, et al.,<br><br>                Defendants. | No. CV-99-01427-PHX-RCB<br>No. CV-13-1113-PHX-SRB<br><br>**O R D E R** |

Currently pending before the court is defendant James Monroe's motion to transfer Gagan v. Monroe, No. CV-13-1113-PHX-SRB ("Gagan II"), which was randomly assigned to the Honorable Susan R. Bolton, United States District Court Judge,[1] to this court pursuant to Fed.R.Civ.P. 42(a)(1)[2] and LRCiv 42.1(a). As part of this

---

[1] Defendant Monroe did not comply with the procedure for filing a motion to transfer pursuant to LRCiv 42.1(b). "A motion to transfer pursuant to subparagraph (a)" of LRCiv 42.1 "*must* be filed in the case with the lowest case number that is assigned to a District Judge, who will hear and decide the motion." LRCiv 42.1(b) (emphasis added). Defendant Monroe filed this motion to transfer in Gagan II, the case with the highest case number, however. Defendant Monroe also did not file "[a] notice of filing the motion, with an attached copy of the motion" in this case, as LRCiv 42.1(b) also requires. See LRCiv 42.1(b) (emphasis added) ("A notice of filing the motion, with an attached copy of the motion, *must* be filed in each case to be considered for transfer . . . , except for the case in which the motion is filed."). Despite these procedural deficiencies, this court will resolve defendant's motion to transfer, improperly filed in Gagan II.

[2] As this court has previously observed in this very case, "[t]he applicability of this particular Rule is questionable here given that it speaks strictly of 'consolidation.'" Gagan v. Estate of Sharar, 2008 WL 2810978, at *2 n. 4 (July 18, 2008). "Arguably the transfer which Mr. [Monroe] is seeking comes within the ambit of subsection three, however, which allows a court to 'issue any other orders to avoid unnecessary cost or delay.'" Id. (quoting See Fed.R.Civ.P. 42(a)(1)(3)).

motion, the defendant also requests a "suspen[sion] [of] all deadlines, including the Answer deadline[];" and a stay of all discovery until the resolution of his motion to dismiss in the present action, Gagan v. Sharar, No. CV-99-01427-PHX-RCB ("Gagan I"). For the reasons set forth below, the court hereby **GRANTS** defendant Monroe's motion in its entirety.

### *Background*

For approximately 18 years, this court has presided over Gagan I, wherein plaintiff Gagan has been seeking to enforce an Indiana judgment for roughly $1.7 million against defendant James Monroe, among others. The court assumes familiarity with Gagan I. On May 31, 2013, plaintiff James L. Gagan commenced an action against defendant Monroe and others, some of whom are also participants in Gagan I in one capacity or another. In the recently filed Gagan II action, the plaintiff alleges five separate counts of fraudulent transfers, and a conspiracy to commit fraudulent transfers. The Gagan II complaint also broadly alleges that the foregoing is part of a larger attempt by defendant Monroe to conceal his assets and hinder the plaintiff's collection activities in Gagan I. Thus, as defendant Monroe accurately describes the Gagan II complaint, it "arises from the same judgment" as Gagan I and "seeks to introduce additional defendants for purposes of continued collection efforts." Mot. (Doc. 20) at 2:16-17.

### *Discussion*

LRCiv 42.1(a) states in part:

> Whenever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; . . . (D) *call for determination of substantially the same question of law*; or (E) for any other reason *would entail substantial duplication of labor if heard by different Judges*, any party may file a motion to transfer the case or cases involved to a single Judge.

LRCiv. 42.1(a)(1) (emphasis added).  Relying upon the highlighted language, defendant Monroe is seeking to have Gagan II transferred to the undersigned.  The defendant points, *inter alia*, to the similarity of subject matter,   and the "substantial duplication of effort" which would result if Gagan II is not transferred to the undersigned.   Mot. (Doc. 20) at 3:12-13.  Nearly all of the defendants in Gagan II are expressly joining in defendant Monroe's motion to transfer (Docs. 25 and 27).

Acknowledging the undersigned's involvement in this case for many years, plaintiff Gagan does not oppose transfer of Gagan II.  Notice of Non-Opposition (Doc. 28).  The plaintiff makes no mention, however, of the other aspects of the defendant's motion, *i.e.*, the request to suspend all deadlines and preclude all discovery, "until such time as the Motion to Dismiss [in Gagan I] is fully litigated."  See Mot. (Doc. 20) at 1:23-24.

In light of the foregoing, and given this court's extensive involvement and intimate familiarity with the subject of these two actions, it finds that in the interests of judicial economy, Gagan II should be transferred to the undersigned.

Accordingly, **IT IS  ORDERED** that:

"Defendant  James Monroe's Rule 42 Motion to Transfer; Motion to Suspend Deadlines and Motion for a Protective Order" (Doc. 20 in  No. CV-13-1113-PHX-SRB) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

the Clerk of the Court shall transfer No. CV-13-1113 to this Court; and  all future filings relating thereto shall reflect the new case number of  CV-13-1113-PHX-RCB; and the Clerk of the Court shall file a copy of this order in  CV-99-01427-PHX-RCB.

DATED this 6th day of December, 2013.

_____
Robert C. Broomfield
Senior United States District Judge