WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L Gagan,<br><br>            Plaintiff,<br><br>v.<br><br>Victor E Sharar, et al.,<br><br>           Defendants. | No. CV-99-01427-PHX-RCB<br>No. CV-13-01113-PHX-RCB<br><br>**ORDER** |

      Defendant James Monroe, as well as the defendants in Gagan v. Monroe, No. CV-13-011113 ("Gagan II"), are requesting that the court set an evidentiary hearing and oral argument on defendant Monroe's pending motion to dismiss (Doc. 494). Mot. (Doc. 515). The defendants give no reasons for either aspect of this request. On December 20, 2013, plaintiff Gagan joined in this defense request. "Plaintiff's Joinder in Defendant Monroe's Request for Oral Argument and Motion for Expedited Hearing" (Doc. 517). Plaintiff also does not offer any reasons for requesting oral argument. However, he expressly opposes defendant Monroe's request for an evidentiary hearing because the defense motion to dismiss presents a purely legal issue. Essentially viewing defendant Monroe's motion to dismiss as a means "to continue to stymie and delay [his] discovery efforts both in this case and in" Gagan II, id. at 2:4-5, plaintiff Gagan also is requesting

that the court consider the motion to dismiss on an expedited basis. Id. at 1:24-25.

Given the court's intimate familiarity with this action and <u>Fidelity Nat. Financial, Inc. v. Friedman</u>, No. CV-03-1222-PHX-RCB, which is the primary basis for defendant Monroe's dismissal argument, and because the issues have been fully briefed, in its discretion, the court denies the parties' requests for an evidentiary hearing and oral argument as it would not aid the decisional process. See Fed.R.Civ.P. 78(b); <u>Partridge v. Reich</u>, 141 F.3d 920, 926 (9th Cir. 1998). The court also denies plaintiff Gagan's request to consider the defense motion on an expedited basis. Any urgency is mitigated by the court's prior orders staying discovery in this action (Doc. 518) and granting, *inter alia*, defendant Monroe's motion to suspend deadlines and for a protective order in the closely related <u>Gagan II</u> action (Doc. 33).

Accordingly, **IT IS ORDERED** that:

(1) Defendant James Monroe's "Request for Evidentiary Hearing/Oral Argument" (Doc. 515) is **DENIED**; and

(2) "Plaintiff's Joinder in Defendant Monroe's Request for Oral Argument and Motion for Expedited Hearing" (Doc. 517) is **DENIED**.

Dated this 6th day of January, 2014.

_____
Robert C. Broomfield
Senior United States District Judge